IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSE TRETO,                        §
TDCJ-CID #1012743,                 §
                                   §
            Plaintiff,             §
                                   §
v.                                 §        CIVIL ACTION NO. H-05-2976
                                   §
SGT. VILLEGAS, et al.,             §
                                   §
            Defendants.            §


**MEMORANDUM OPINION AND ORDER**

Jose Treto, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ-CID officials alleging denial of adequate medical care after he suffered an accidental fall.  After reviewing the pleadings, which include a response to the court's Order for More Definite Statement (Docket Entry No. 8), the court has determined that this action should be dismissed as frivolous.

## I.  Claims and Allegations

Treto names three defendant officials in this suit:  Sargent Villegas, Physician's Assistant Lopez, and Dr. G. Adams.  The alleged denial of medical attention stems from an accident, which occurred at the TDCJ-CID Goree Unit on November 24, 2004.  Treto asserts that Sargent Villegas was escorting him to the shower when

he slipped in a puddle and fell forward on a cement walkway sustaining injuries to his head, back, shoulder, neck, and ankle. Villegas lifted Treto, who was cuffed and weighed 280 pounds, by grabbing his right arm, which exacerbated his pain.

Treto was then taken to the medical department where a nurse conducted a brief examination and determined that Treto had not suffered any serious injuries. Treto was given an ice pack and Ibuprofen before being returned to his cell. Treto submitted a sick call request, and P.A. Lopez saw him on December 3, 2004. After conducting a second brief examination, Lopez stated that he could not see anything wrong with Treto although he did issue him more Ibuprofen. Treto continued to complain about his discomfort and was examined again by Lopez or by Dr. Adams on December 9, 2004, December 28, 2004, December 30, 2004, and January 4, 2005. Each time it was determined that there was nothing seriously wrong with him. He was also told that he did not need to see a doctor immediately although he could ask for an appointment at a later time.

Treto seeks an injunctive order requiring the medical department to provide treatment that he considers to be adequate.

## II.  <u>Analysis</u>

To assert an action based on a civil rights claim for relief, the plaintiff must show a violation of rights secured by the Constitution or laws of the United States and must demonstrate that

the alleged deprivation was committed by a person acting under color of state law.  Because Treto has been transferred from the Goree Unit, his claims for injunctive relief against the named defendants are moot.  Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001).  Moreover, Treto has failed to show that the defendants were deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 97 S.Ct. 285, 292 (1976).

To establish a claim that he was denied medical treatment under the Eighth Amendment Treto must show that the defendants were aware of facts from which they could infer there was an excessive risk to Treto's health or safety and that they actually concluded that Treto was exposed to potential harm.  Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001), citing Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).  A showing of negligence or malpractice will not suffice in a civil rights proceeding.  Estelle, 97 S.Ct. 285, 292; Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999).

The alleged accident is not actionable because there is no indication that any defendant knowingly or willingly caused Treto to injure himself by falling on the floor.  See Walker v. Reed, 104 F.3d 156 (8th Cir. 1997).  Sargent Villegas's subsequent mishandl-ing of Treto by pulling him up after he fell to the floor does not support a claim because there are no facts showing that Villegas was aware that his actions would harm Treto or aggravate existing injuries.  Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992)

(guard was not deliberately indifferent when he ordered a prisoner with two ankle fractures to walk between 150 and 440 yards to the prison hospital without assistance).   Villegas's response to Treto's apparent accident was not so wanton or reckless to support a finding of a constitutional violation.   Sibley v. Lemaire, 184 F.3d 481, 489 (5th Cir. 1999) (guards were not deliberately indifferent in failing to prevent an inmate from plucking his eyes out despite his prior bizarre behavior and a doctor's determination that the inmate needed to be transferred to a psychiatric hospital).   Moreover, Villegas cannot be held liable because after the accident Treto was taken to the infirmary where he could be seen and treated by trained health workers.   Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995).

Treto's complaint regarding the treatment he received from the medical department is not actionable.   He admits that he was seen by a nurse immediately after the accident and by Lopez and Dr. Adams at later times.   He was also given medication on several occasions.   These facts rebut Treto's claim of deliberate indifference to his serious health needs.   Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).   See also Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir. 1993).   Treto was examined more than once.   Each time the examiner concluded that Treto was not seriously injured although he was given an ice pack as well as some

-4-

Ibuprofen.   While Treto argues that his injuries required more attention, he does not identify any injury that would have been easily identified as one requiring additional care.  Absent such a showing, Treto has failed to allege facts that demonstrate that the defendants willingly ignored a serious health problem in violation of Treto's constitutional rights.  See Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) (a serious medical need is either one that has been diagnosed by a physician or is obvious to a lay person). Treto merely disagrees with the defendants' diagnosis; he does not show that they recklessly disregarded a need or that they overlooked one.  Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  Defendants would not have violated Treto's constitutional rights even if they had been grossly negligent in failing to diagnose or recognize a serious malady.  Hare v. City of Corinth, Miss., 74 F.3d 633, 645 (5th Cir. 1996).

Treto is proceeding as a pauper, and his action is subject to dismissal if the claims are frivolous.  28 U.S.C. § 1915(e).  This action will be dismissed as frivolous because the claims have no legal basis.  Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

### III.  Conclusion

The court **ORDERS** the following:

1.   This civil rights complaint filed by Inmate Jose Treto, TDCJ-CID #1012743, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e)(2).

2.   The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 17th day of May, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE